### James Dalzell *v.* Steamboat Saxon.

Defendant received on board a quantity of molasses, to be delivered at the port of Louisville and reshipped thence to Pittsburg. The molasses was discharged at Portland, within the corporate limits of, but about two miles below, Louisville, and, while there, were damaged by a sudden rising of the river. *Held :* That under the evidence received without objection, of a usage of discharging Pittsburg freights at Portland, and under the proof that defendant made all reasonable endeavors to protect the molasses while at Portland, and to re-ship it, the boat was not responsible for the damage.

A PPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Hamner & Hays*, for plaintiff and appellant.     *Wolfe & Singleton*, for defendant.

OGDEN, J. The plaintiff shipped on board the steamboat Saxon 300 barrels of molasses, to be delivered at the port of Louisville, and to the captain of the steamer Saxon or his assigns. The bill of lading also contained a clause in the following words: "Steamer Saxon agrees to re-ship at Louisville, to J. *Dalzell* at Pittsburg, on the best terms she can, without extra charge for re-shipping."

The molasses was landed in Portland, which is within the incorporated limits of Louisville, and, by a sudden rise in the river, before it could be re-shipped, a part of it was so much damaged that the agent of the consignee at Pittsburg would not receive it. This suit is brought to recover the value of the molasses, which was not re-shipped under those circumstances, and for damage occasioned by the overflow to that part of the consignment which was received at Pittsburg. It is shown by the evidence that it is usual for boats to discharge at Portland cargoes intended for immediate shipment to ports above Louisville, and it is shown that the agent of the boat at Louisville, without delay, engaged a steamboat at Louisville to take the molasses to Pittsburg; that the captain of the other boat on which the molasses was to be re-shipped, did not comply with his agreement, and that shortly after, the river rose so rapidly, that, with every exertion, it was impossible to prevent the loss which occurred.

We think the bill of lading, under the circumstances, and evidence of usage received without objection, was satisfied by a delivery on the wharf at Portland, and that all was done that could have been reasonably expected to procure a re-shipment of the molasses to its port of destination. The loss was occasioned by an inevitable accident, for which the owners of the Saxon, as bailees, cannot be rendered liable. Story on Bailments, § 25.

It appears, however, that there were savings, for which the defendants are liable. They sold the molasses which the consignee refused to receive, and are liable for the amount realized by the sales, after deducting such charges as they are entitled to make.

Their counsel expresses a willingness that a judgment should be rendered against them for such amount as the plaintiff may be entitled to recover on that score ; but the evidence does not enable us to decide what the amount is. The petition contains a prayer for general relief, under which the plaintiff is legally entitled to recover the savings ; and as the defendants, who alone could have furnished satisfactory evidence on this subject, have not enabled us to dispose of the case finally, it must be remanded at their cost.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, so far as to exonerate the defendants from liability for the loss and injury to the molasses, and that the case be remanded for a new trial as to the liability of the defendants for the proceeds of the molosses sold by them—the defendants and appellees to pay the costs of this appeal.